FRED CORDRAY, PRO AMI, RESPONDENT, v. FERD PETERS AND CHAMP EMMEL, APPELLANTS.—166 S. W. (2d) 793.

Kansas City Court of Appeals. December 14, 1942.

254

*J. Richard Garstang* for appellants.

SPERRY, C.—This is a replevin suit wherein Fred Cordray in his own right and also as next friend, duly appointed to act for Elmer Cordray and Calvin Cordray, his minor sons, plaintiffs sought pos-

session, and damages for detention of, a Ford automobile and a Ford truck, against Ferd Peters, sheriff of Osage county, and Champ Emmel, defendants.

Trial to a jury resulted in verdict and judgment for two of said plaintiffs as against one of defendants. Defendants have appealed.

Fred, Elmer and Calvin Cordray were plaintiffs and in their petition they alleged that they are the owners of a Ford automobile and a Ford truck, and described both vehicles with particularity. They alleged the value of said vehicles to be $525 and that "defendants" (not named in the petition but named in the caption thereof) wrongfully took said motor vehicles from them and wrongfully detain them. They prayed for ". . . the recovery of the possession of the said property, and the sum of Two Hundred Thirty-five Dollars ($235) for the wrongful taking and detention thereof, and in case a delivery of said property cannot be had, then plaintiffs pray judgment against the defendants for the sum of Five Hundred and Twenty-five Dollars ($525), the value thereof."

The evidence on behalf of plaintiffs was to the effect that Fred Cordray was the father of Elmer and Calvin, both minors; that defendant Emmel had sued and obtained a judgment against Fred and had caused execution to be issued thereon; that defendant Ferd Peters is sheriff of Osage county; and that Peters and Emmel, together with a deputy sheriff, came to the home of plaintiffs and took the motor vehicles in controversy without their consent and by means of duress, how exercised not being disclosed. There was no testimony offered or received touching on the question of the value of the property. The certificates of title for these motor vehicles were offered and received in evidence and, on their faces, disclosed same to have been issued by the Secretary of State to Fred Cordray, no other person's name being mentioned thereon. Said documents had each been signed in blank by Fred Cordray but his signature had not been notarized. Fred Cordray owned the automobile and plaintiffs did not claim either Elmer or Calvin had any interest therein; but plaintiffs contended that Elmer and Calvin had some vague interest in the truck, although they offered oral testimony which tended to prove that Fred bought and paid for it and received and held the legal title thereto.

Defendants offered testimony which tended to prove that Emmel had obtained judgment against Fred Cordray and had caused execution to issue thereon; that defendant Peters, sheriff, accompanied by a deputy and by defendant Emmel went to the Cordray home on November 18, 1941, to levy on sufficient of his personal property of Fred Cordray to discharge said judgment and execution; that Fred Cordray and Emmel reached an agreement whereby Cordray agreed to, and did, then and there, voluntarily deliver to Emmel the two motor vehicles, together with the ignition keys thereto and the certificates of title, which latter he signed in blank but did not acknowledge before

a notary public, in full settlement of said judgment and execution; that after said delivery was made Cordray and Emmel agreed that Sheriff Peters should keep said property in his possession for a period of thirty days before further action was taken in regard thereto and that if Cordray should, before December 18, 1941, pay the amount of said judgment and execution in cash, said property would be redelivered to him.

The undisputed evidence was to the effect that this suit was filed less than thirty days after the property was taken and before any demand for its return was made and before Cordray paid or offered to pay said judgment.

Neither party asked for a directed verdict and the cause was submitted to the jury by both parties on the theory that if the property was taken under agreement, as claimed by defendants, that plaintiffs could not recover.

The court gave the following instruction, which the foreman of the jury signed and returned as the verdict of the jury to-wit:

"In this case the Court instructs the jury that if you find the issues for the plaintiff your verdict will be in the following form:

"'We the jury find that the plaintiffs are the owners and entitled to the possession of the truck mentioned in evidence, that is to say that the plaintiff Elmer Cordray is the owner and entitled to the possession of the truck mentioned in evidence and that Fred Cordray is the owner and entitled to the possession of the motor car mentioned in evidence, the said truck being described as a Ford V-8, bearing motor 3548308, and the motor car aforesaid being a Ford V-8, Coach Model 1936 bearing Motor Number 2785695, now detained by the defendant, Champ Emmel, at Osage County, Missouri. And we find the value of the car, $275 Dollars, and the value of the truck to be of the value of the value of truck $375 dollars.'"

Defendants contend that the instruction is erroneous in that it permits, or directs, a verdict finding that Elmer Cordray is the owner of and entitled to the possession of the truck when there is not a scintilla of evidence which would permit such a finding and verdict. This contention must be sustained. [Putnam v. Unionville Granite Works et al., 122 S. W. (2d) 389, l. c. 391.]

The instruction, and the verdict pursuant thereto, is also erroneous in that the jury was directed to find the value of the car to be $275, and the value of the truck to be $375 when, in fact, there was no evidence before the jury which tended to prove that said car or truck were of any value whatever (and plaintiffs actually alleged their total value to be $100 less than the amount the jury found). An essential fact was thereby assumed in the instruction; and it was assumed without any supporting evidence and contrary to and beyond the pleadings.

The instruction was erroneous in that it permitted a verdict to the effect that Elmer and Calvin Cordray, or either of them, were the

owners of either the car or the truck. All of the evidence tended to prove that Fred Cordray alone owned both vehicles.

Without reciting other defects contained in said instruction we will pass to a fatal error contained in the verdict and the judgment rendered thereon; neither disposes of all the parties or all of the issues between them. The verdict mentions but two of the plaintiffs and one of the defendants. As to the remaining plaintiff and defendant nothing is said. The judgment must, and does, follow the verdict. This is reversible error. [Newdiger v. Kansas City et al., 106 S. W. (2d) 51, l. c. 53, 54.]

If the case is again tried it is probable that both parties will be more watchful of the record. It is not the province of the appellate court to point out to either or both parties litigant, in detail, under the guise of an opinion, how a case should be tried.

The judgment is reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed. All concur.